J-A05041-24

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          : PENNSYLVANIA
                                          :
        v.                                :
                                          :
                                          :
                                          :
CARL ROBINSON                             :
                                          :
        Appellant                         : No. 705 EDA 2023

Appeal from the PCRA Order Entered February 9, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0802251-2006

BEFORE:    DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                          **FILED APRIL 18, 2024**

Carl Robinson ("Robinson") appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). We affirm.

Robinson was charged with the 2006 fatal shooting of two victims: the owner, as well as an employee, of the store where Robinson previously worked. Robinson also fired at customers who were present in the store. Responding police officers apprehended Robinson and sprayed him with OC spray, a substance similar to mace or pepper spray.[2] The police transported Robinson to Temple University Hospital ("Temple") for treatment for the OC

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] N.T. Trial Vol. 2, 2/8/11, at 103-04; N.T. Trial Vol. 4, 2/10/11, at 223.

spray, and then brought him to the police homicide division. Issues concerning Robinson's competency delayed trial for years. During this time, Robinson was committed under the Mental Health Procedures Act to Norristown State Hospital ("Norristown"), where he underwent psychological evaluations.

After Robinson was found competent to stand trial, the trial court conducted a non-jury trial in 2011. According to the PCRA court, "[t]he facts of the killing were proven beyond any doubt. The issue in the case was insanity. Both sides presented expert testimony on [Robinson's] state of mind." PCRA Court Opinion, 12/20/16, at 1-2. The parties argued, *inter alia*, to what extent Robinson was aware of what he was doing and understood that it was wrong. Pertinent to this appeal, it was not disputed that Robinson had a history of using phencyclidine ("PCP") and marijuana, and had used PCP on the day of the shooting. Both parties' experts reviewed and testified about reports by Norristown, which diagnosed Robinson with: psychosis, not otherwise specified; marijuana abuse; possible malingering; and antisocial personality. N.T. Trial Vol. 4, 2/10/11, at 20. Additionally, the Commonwealth's expert witness testified about the Temple report on Robinson's treatment on the night of the shooting.

The trial court found Robinson guilty but mentally ill of two counts of first-degree murder, two counts of aggravated assault, and two counts of attempted murder. On February 15, 2011, the trial court imposed two

mandatory sentences of life imprisonment without parole, to run concurrently, as well as lesser terms of imprisonment for the other offenses, also to run concurrently. Robinson did not file a post-sentence motion or a direct appeal.

In 2012, Robinson filed a timely, first PCRA petition. The PCRA court appointed counsel, who subsequently filed **Turner**/**Finley**[3] no-merit letter and petition to withdraw from representation. The PCRA court granted counsel's petition to withdraw and denied Robinson's PCRA petition. Robinson filed an appeal, but this Court dismissed it due to his failure to file a brief.

On July 24, 2020, Robinson filed the underlying PCRA petition *pro se*, his second. The thirty-three page petition focused on a claim that the Commonwealth did not disclose until trial the Norristown reports, which would have shown he was diagnosed with a PCP-induced psychotic disorder, in contradiction of the Commonwealth experts' opinions as to his state of mind. Robinson's petition further averred, somewhat disjointedly, that: (1) the Commonwealth also withheld police reports by Officer Charles Nelson, Temple reports,[4] and "undisclosed witness reports from the . . . investigation;" (2) the

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Although Robinson did not explain particularly what the Temple reports would have shown, we note that in 2016, he filed a *habeas corpus* petition in federal court, arguing, *inter alia*, the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by withholding "[e]vidence and testimony" by a Temple psychiatrist, who had evaluated his state of mind on the night of the shooting. **Robinson v. Mooney**, 2018 WL 3451560 at *6 (E.D.Pa. 2018). *(Footnote Continued Next Page)*

withholding of this exculpatory evidence was a violation of *Brady*; (3) the withholding of this evidence also amounted to interference by government officials under the PCRA timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(i);[5] (4) trial counsel was ineffective for waiving the preparation of a pre-sentence investigation report ("PSI"); and (5) the trial court "did not hear or question key pieces of evidence," including the Commonwealth's "inflammatory" statements that "there [was] never any drug test done at Temple" and that no Temple doctors noticed Robinson having any psychiatric issue.[6] Robinson's Petition for Post Conviction Relief, 7/24/20, at 2, 17, 18.

One year after the filing of the PCRA petition, Robinson filed a motion for the appointment of counsel, which the PCRA court granted. However, appointed counsel, Coley Reynolds, Esquire, subsequently filed a *Turner*/*Finley* no-merit letter and petition to withdraw. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without

---

The federal magistrate court denied relief. Accordingly, Robinson cannot show that he was not previously aware of a report or other evidence from Temple, nor that he could not have ascertained its existence through due diligence.

[5] As we discuss *infra*, although Robinson's statement of questions involved, as well as the corresponding headings in his argument, purport to challenge the Commonwealth's withholding of evidence, Robinson concedes that his trial counsel received this evidence.

[6] Robinson avers that the Commonwealth made the first statement during its examination of his mother, and the latter statement in closing arguments.

a hearing, finding the petition was untimely filed. Robinson filed several *pro se* motions and responses, both before and after the Rule 907 notice.

On February 9, 2023, the PCRA court formally denied Robinson's PCRA petition, and permitted Attorney Reynolds to withdraw from representation. Robinson filed a timely notice of appeal[7] and, although the PCRA court did not require one, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Robinson presents the following issues for our review:

1.(a) Did the PCRA court err when it failed to grant [Robinson] relief for exceptions: 9545(b)(2), and (b)(3), 9545(b)(1)(i), (ii), and (iii)[?]

2.(a) Whether the PCRA court erred in dismissing [Robinson's] PCRA petition without an evidentiary hearing because without such a hearing the PCRA court did not have evidence from which to conclude if trial counsel, direct appeal counsel, and PCRA counsel had [a] reasonable basis for abandoning the Temple Hospital emergency room report from the day of the offense and from doctor's report[s] at Norristown State Hospital.

3.(a) Whether the PCRA court erred in dismissing [Robinson's] PCRA petition without an evidentiary hearing because without such a hearing the PCRA court did not have evidence from which to conclude if there was a prosecutorial misconduct [under] *Brady* [and] *Giglio v. United States*, 405 [U.S.] 150 (1972).

4.(a) Did the prosecut[o]r commit a *Brady/Giglio* [violation] by not turning over homicide Detective's Kenneth Rossiter, P., and

---

[7] Robinson prematurely filed a *pro se* notice appeal following the PCRA court's Rule 907 notice, but before the final order dismissing it. However, this Court accepted the notice of appeal as timely filed. *See* Pa.R.A.P. 904(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

Micah Spotwood [*sic*], and was PCRA counsel ineffective for not motioning the court for a new trial based on officer's misconducts and [Robinson's] investigation[?]

5.(a) Did the trial court err when it imposed a state sentence without co[n]sidering the requisite statutory factors required by the Supreme Court of Pennsylvania outlined within Pa.R.Crim[.]P. 702(A)(2), (a), (b), and (c)?

6.(a) Was direct appeal counsel and PCRA counsel ineffective for not raising plea counsel's ineffectiveness for not doing a presentence investigation report or presenting any mitigating evidence?

7.(a) Was direct appeal counsel and PCRA counsel ineffective for not presenting a strategical and cognent [*sic*] diminished capacity defense to contradict his plea of insanity defense?

8.(a) Was direct appeal counsel and PCRA counsel ineffective for withdrawing from the case without perfecting Robinson's PCRA petition[?]

Robinson's Brief at 9-10.

"We review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). "All PCRA petitions 'including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final.' 42 Pa.C.S.[A.] § 9545(b)(1). . . . [I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Albrecht***, 994 A.2d at 1093 (some citations omitted).

The PCRA court concluded Robinson's PCRA petition was untimely filed. The trial court imposed sentence on Robinson on February 15, 2011. Because

Robinson did not file any post-sentence motion or direct appeal, his judgment of sentence became final for PCRA purposes on March 17, 2011 — the expiration of the thirty-day appeal period. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a). Robinson then generally had one year, or until March 17, 2012, to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Robinson did not file the underlying petition until July 24, 2020, more than eight years later. The petition is thus facially untimely.

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner properly invokes one of three exceptions at section 9545(b)(1)(i) through (iii):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). With respect to the first exception above, our Supreme Court has stated that "information that was clearly available to [the petitioner] at the time of trial cannot be cloaked as a claim of governmental interference to circumvent the PCRA timeliness requirements." *Commonwealth v. Williams*, 168 A.3d 97, 123 (Pa. 2017) (citation

- 7 -

omitted). A petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A § 9545(b)(2).

Preliminarily, we note that Robinson's *pro se* 118-page brief is disjointed, as his discussion jumps between numerous, unrelated issues. Most of his claims lack sufficient background information or explanation. Furthermore, as we discuss **infra**, Robinson sometimes fails to address the issue set forth in his heading, and instead discusses an entirely different issue. Nevertheless, we review Robinson's claims in the order he presents them.

Robinson's first claim is that the PCRA court erred in not granting relief under the three PCRA timeliness exceptions. We note that the failure to raise a claim in a PCRA petition results in waiver of the claim on appeal. **See Commonwealth v. Bedell**, 954 A.2d 1209, 1216 (Pa. Super. 2008); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Additionally, an appellant's argument must include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Robinson asserts that he could not raise "his issues" in his first PCRA petition because two police officers, who testified at his trial, were on the "'Right to Be Free Philadelphia's Accused Detective List,'" as they were accused, convicted, and/or disciplined for "misconduct." Robinson's Brief at 28. Next, Robinson alleges that the arresting officers violated his due process rights by "prevent[ing] him from being involuntary committed to Temple

Hospital emergency room" due to his PCP-induced psychotic disorder. *Id*. at 29. Robinson then claims that trial counsel was ineffective for not presenting "expert psychiatric testimony" from the Temple and Norristown doctors, which would have shown "mitigating" and exculpatory evidence. *Id*. at 30. Robinson maintains that his claims met all three of the PCRA's timeliness exceptions, as the underlying facts were unknown to him and could not have been discovered with due diligence.

To the extent that Robinson attempts to invoke the retroactive constitutional right PCRA exception, such a claim is waived because he did not raise it in the PCRA petition, and because he presents no discussion in his brief. *Bedell*, 954 A.2d at 1216; *see also* Pa.R.A.P. 2119(a). For the same two reasons,— Robinson has also waived his allegations concerning: a "Right to Be Free Philadelphia's Accused Detective List;" Detective Rossiter's records; the arresting officers' precluding him from receiving psychiatric treatment at Temple; and trial counsel's failure to present expert psychiatric testimony.[8] *See* Pa.R.A.P. 2119(a).

Additionally, we note that in his first issue, Robinson briefly claims that his PCRA counsel was ineffective for, *inter alia*, not requesting a "Homicide investigation report by" the arresting officer, Detective Kenneth Rossiter, "and his IAD officer complaint history, . . . police board of inquiry discipline record

---

[8] We reiterate that at trial, defense counsel did present expert testimony on Robinson's state of mind.

information form [*sic*]." Robinson's Brief at 29. "Our Supreme Court recently held that a PCRA petitioner may, after a PCRA court denies relief, and while acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021).

In **Bradley**, the petitioner asserted the ineffectiveness of prior PCRA counsel on appeal from the dismissal of his timely, first petition. **Bradley**, 261 A.3d at 384, 401. The **Bradley** Court did not, expressly or impliedly, state that its holding would apply to serial, untimely petitions such as the one presently before us. To the contrary, the **Bradley** Court stated that its decision "does not sanction extra-statutory serial petitions," and instead, the Court deemed "the consideration on collateral appeal of claims of PCRA counsel ineffectiveness to spring from the original petition itself, and that doing so does not amount to impermissibly allowing a 'second or subsequent' serial petition[.]" **Id**. at 403, 404.

Here, Robinson's PCRA counsel was appointed to represent him in his **prior** PCRA petition, filed in 2012. Robinson cannot now raise, in his second, untimely PCRA petition or on appeal from its dismissal, a new claim of PCRA counsel's ineffectiveness. After careful review of Robinson's PCRA petition and the record, we conclude no relief is due on his first issue.

In his second issue, Robinson avers the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing. In support, he claims that

the trial court erred in not allowing trial counsel to present "mitigating evidence," including testimony by his mother that he was "very intoxicated on the day of the offense." Robinson's Brief at 32. Robinson further asserts that trial counsel was ineffective for: (1) not introducing the contents of the Norristown reports and Temple report, which were in counsel's possession;[9] (2) not calling Temple doctors to testify; and (3) making a "late plea at sentencing of the defense of diminished capacity." *Id*. at 35, 39.

We conclude that Robinson has waived all of these claims for failure to raise them in his PCRA petition. **See Bedell**, 954 A.2d at 1216. Additionally, the claim of trial court error — for precluding testimony from Robinson's mother about his intoxication on the day of the shooting — is waived because it could have been raised on direct appeal. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring PCRA petitioner to show "[t]hat the allegation of error has not been previously litigated or waived"); **see also** 42 Pa.C.S.A. § 9544(b) (providing that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"). Moreover, we conclude that even if Robinson had preserved these issues in his PCRA petition, they would not be reviewable because Robinson has not shown the applicability of any PCRA timeliness

---

[9] This discussion contradicts Robinson's other claim, that the Commonwealth withheld the Norristown reports from the defense.

- 11 -

exception. After careful review of Robinson's PCRA petition and the record, we conclude no relief is due on his second issue.

In his third issue, Robinson argues the PCRA court erred in denying his *Brady* claims without an evidentiary hearing.[10] All of his discussion, however, goes to trial counsel's alleged ineffectiveness. Robinson reiterates that trial counsel: failed to present the contents of the Norristown and Temple reports; failed to call Temple doctors to testify about his state of mind; failed to present expert testimony on the effects that PCP had on his capacity to perceive the situation; and made a "late plea at sentencing of the defense of diminished capacity[.]" Robinson's Brief at 48-49, 51, 55.

We conclude that no relief is due on these claims of trial counsel's ineffectiveness because Robinson has failed to establish they are reviewable under any PCRA timeliness exception. Accordingly, no relief is due on Robinson's third issue.

The heading for Robinson's fourth issue is that the Commonwealth committed a *Brady* violation by not disclosing "Homicide Detective Rossiter

_____

[10] Under *Brady*, "[d]ue process is offended when the prosecution withholds evidence favorable to the accused where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Commonwealth v. Natividad*, 200 A.3d 11, 25 (Pa. 2019). "Although a *Brady* violation may fall within the [PCRA's] governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Smith*, 194 A.3d 126, 133 (Pa. Super. 2018) (citation omitted).

and Micah Spotwood [*sic*]." Robinson's Brief at 64. Robinson also claims PCRA counsel was ineffective for not requesting a new trial based on Detective Rossiter's "misconduct[]." *Id*.

Robinson's discussion, however, is that the trial court precluded trial counsel from explaining that Inspector Sullivan[11] made a radio call to officers at the crime scene, and told them "to stop [Robinson's] treatment [at] the emergency room" and to take Robinson to police headquarters. Robinson's Brief at 64. This claim, focused on trial court error, is waived because Robinson could have raised it at trial or on appeal. 42 Pa.C.S.A. § 9544(b). Moreover, our review of the trial transcript reveals only one reference to an Inspector Sullivan. One of the arresting officers testified that he received a radio call from Inspector Sullivan **while transporting** Robinson from Temple to the homicide division — thus after they left Temple. Inspector Sullivan directed the officer to stop so that other officers could bring eyewitnesses to identify Robinson. N.T. Trial Vol. 2, 2/8/11, at 120. The premise of Robinson's claim is thus not supported by the record.

Robinson also alleges trial counsel was ineffectiveness for failing to elicit testimony from defense expert Dr. Timothy Michals that Robinson's PCP use "prevented him from forming the specific intent to kill." Robinson's Brief at 65. Robinson further alleges trial counsel failed to call Temple emergency

_____

[11] Neither Robinson's brief nor our review of the trial transcripts indicate Inspector Sullivan's first name.

room physicians, who would have testified that Robinson was "intoxicated" from the ingestion of PCP just hours before the shooting. *Id*. at 66. As Robinson has also failed to establish the applicability of a PCRA timeliness exception to these claims, we conclude no relief is due on his fourth issue.

We address Robinson's next two issues together. In his fifth issue, he contends that the trial court erred in failing to order a PSI prior to sentencing, in violation of Pa.R.Crim.P. 702(a) (providing that the sentencing judge may, in his discretion, order a PSI). Robinson reasons that a PSI would have included: "a complete description of the offense;" his Temple toxicology report, which would have shown high levels of PCP; and a Temple doctor's testimony that Robinson was hallucinating and exhibited violent behavior. Robinson's Brief at 82. In Robinson's sixth issue, he asserts that trial counsel was ineffective for agreeing to waive a PSI.

The PCRA court concluded that because Robinson's PCRA petition was untimely filed, no relief was due on any of his issues. In the alternative, the PCRA court reasoned that even if these claims were timely raised, trial counsel was not ineffective for any PSI-related issue because Robinson did not suffer any prejudice. The PCRA court pointed out that Robinson was subject to — and the trial court imposed — mandatory sentences of life imprisonment without parole for his two counts of first degree murder.

Robinson does not address this reasoning, which we determine to be supported by the record and relevant law. 18 Pa.C.S.A. § 1102(a)(1)

(providing that "a person who has been convicted of a murder of the first degree . . . shall be sentenced to death or to a term of life imprisonment"). We agree with the PCRA court that had trial counsel requested a PSI, or the trial court reviewed a PSI, Robinson's sentence would have been the same — two mandatory life without parole sentences. Furthermore, Robinson's ineffective assistance of counsel claim is time-barred. Accordingly, we conclude Robinson's fifth and sixth issues do not warrant relief.

In his seventh issue, Robinson avers his "direct appeal counsel" and prior PCRA counsel were ineffective for not raising a claim that trial counsel was ineffective for not presenting a "diminished capacity defense to contradict his . . . insanity defense." Robinson's Brief at 101.

We disagree that Robinson had "direct appeal counsel" — he did not file any direct appeal. With respect to his claim of PCRA counsel's ineffectiveness, we incorporate our above discussion — that although **Bradley** allows a PCRA petitioner to raise a claim of PCRA counsel's ineffectiveness on appeal from his **first**, **timely** PCRA petition, **Bradley** did not extend this holding to permit such ineffectiveness claims in a subsequent, untimely petition. **Bradley**, 261 A.3d at 384. Accordingly, we conclude Robinson is not entitled to relief on his seventh issue.

In his eighth issue, Robinson claims the PCRA court erred in "allowing" direct appeal counsel and PCRA counsel to withdraw, as it denied him his right to the effective assistance of counsel. Again, Robinson did not have any direct

appeal counsel. To the extent Robinson wished to challenge the PCRA court's granting prior PCRA counsel leave to withdraw, such a claim should have been raised in a timely appeal from the denial of his prior PCRA petition. The issue is thus waived for our appeal.

For the foregoing reasons, we conclude that no relief is due on any of Robinson's numerous claims, and we affirm the order dismissing the PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/18/2024